IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GERMAIN REAL ESTATE COMPANY, LLC;
and GM ENTERPRISES, LLC                                    PLAINTIFFS

v.                          Case No. 5:13-CV-05069

HCH TOYOTA, LLC and
METROPOLITAN NATIONAL BANK                                 DEFENDANTS

## <u>MEMORANDUM OPINION AND ORDER</u>

Currently before the Court are Plaintiffs Germain Real Estate Company, LLC ("GREC") and

GM Enterprises, LLC's ("GM") motion for reconsideration (Doc. 51), Defendant Metropolitan

National Bank's ("Metropolitan") response in opposition (Doc. 54), and Defendant HCH Toyota,

LLC's ("HCH") response in opposition (Doc. 55).  For the reasons discussed herein, Plaintiffs'

motion for reconsideration (Doc. 51) is DENIED.

Plaintiffs request that the Court reconsider two orders entered in this case on August 21,

2013: an order of dismissal (Doc. 44) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

to state a claim and an order of judgment (Doc. 45) entered in Defendants' favor.  Plaintiffs have

argued that their motion to reconsider may be construed according to Rule 59(e) as a motion to alter

or amend judgment or according to Rule 60(b) as a motion for relief from a final judgment.

"Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or

to present newly discovered evidence." *Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d

1284, 1286 (8th Cir.1998) (internal quotation omitted).  Rule 59(e) motions cannot be used by a

party to introduce new evidence, arguments, or legal theories that could have been raised prior to

-1-

judgment. *Id.* The purpose of this motion is to allow the Court "to rectify its own mistakes in the time period immediately following entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).

Rule 60(b) provides a list of circumstances under which a party may be relieved from a final judgment, order, or proceeding, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Eighth Circuit has recognized that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986). It is important to note, however, that a motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

The Court has examined Plaintiffs' motion for reconsideration and finds that it can best be characterized as an attempt to reargue the same legal issues that the Court already decided. For example, Plaintiffs maintain in their motion that GREC had a binding contract to purchase certain property that was at issue in the lawsuit. The Court determined otherwise, though, and after a thorough analysis of the briefing and evidence submitted by the parties, the Court decided in its memorandum opinion and order (Doc. 44) that GREC never retained an independent right to purchase the property at issue, and to the extent that GREC's purchase option was even legally enforceable, the option was subject to the approval of Metropolitan and subordinate to Metropolitan's mortgage rights.

As for Plaintiffs' argument that the Court erred in giving preclusive effect to the findings of the state court, the Court cannot agree that GREC was deprived of the chance to fully litigate the

relevant issues in that forum. Collateral estoppel principles accordingly applied to the state court's factual and legal determinations. The state court found—and this Court agreed—that the Subordination, Non-Disturbance, and Attornment Agreement entered into by HCH, Metropolitan, and GM effectively amended GREC's purchase option and left GREC with no right to purchase the property at issue. Moreover, Plaintiffs' request for declaratory relief was denied by this Court as moot since damages alleged in the complaint resulted exclusively from GREC's inability to exercise its purchase option under the lease. Once the Court found that GREC's purchase option was invalid, there was no need for the Court to inquire into GM's leasehold rights, as these were not at issue in the lawsuit and were not tied to any claim for damages.

Plaintiffs have identified no manifest errors of law or fact in the Court's prior order and judgment; instead, Plaintiffs simply disagree with the Court's interpretation of the law and facts and with the Court's ultimate decision to dismiss the complaint for failure to state a claim. The motion for reconsideration does not meet Rule 59(e)'s requirements. Moreover, none of the "exceptional circumstances" enumerated in Rule 60(b) are present in this case. Plaintiffs cannot identify mistake or neglect on the part of the Court, newly discovered evidence, or some act of fraud committed by Defendants that would justify extraordinary relief. Accordingly, the Court exercises its discretion to DENY Plaintiffs' motion for reconsideration (Doc. 51).

IT IS SO ORDERED this 11th day of October, 2013.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE